IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELANIE BAKER

    Plaintiff

v.                                    3:12-cv-1361
                                      (JUDGE MARIANI)

WILKES-BARRE INDOOR TENNIS
CENTER, INC., a Pennsylvania
corporation, d/b/a ODYSSEY
FITNESS CENTER

    Defendant

## MEMORANDUM OPINION

On July 13, 2012, Plaintiff filed the instant action against Defendant alleging violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*. Defendant filed a Motion for More Definite Statement and Motion to Partially Dismiss (Doc. 7) on August 20, 2012. The parties briefed the issues, and the Motion is now ripe for adjudication.

## BACKGROUND

Plaintiff suffers from a permanent disability that restricts her mobility. Plaintiff is a member of Defendant's fitness center, and claims that her ability to use the center is inhibited because of certain physical barriers and because of Defendant's policies. Plaintiff's Complaint indicates that Plaintiff is unable to use certain corridors, open heavy doors, or operate the elevator without assistance. Plaintiff's Complaint further avers that

Defendant provides inadequate handicapped parking, inaccessible showers and restrooms, and inadequate access to the Jacuzzi and pool.

Defendant's Motion for More Definite Statement and Motion to Partially Dismiss asks the Court to require Plaintiff to provide more clarity in the form of an amended complaint so that it can adequately assess the claims levied against it, while dismissing other claims for failure to state a cause of action upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendant claims that certain parts of the Complaint are not colorable under the relevant pleading standard, and that they should be dismissed.

## STANDARD

This matter is presented to the district court, in part, as a motion for partial dismissal. In light of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Middle District of Pennsylvania has adopted the following standard by which to treat motions to dismiss. "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). In *Iqbal*, the Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Furthermore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation

omitted); *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

District courts confronted by a motion to dismiss should engage in a two-step analysis. First, the district court should accept all well-pleaded facts as true, but may reject mere legal conclusions. Second, the district court should then determine whether the facts, as asserted, establish a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950. Thus, a complaint must "show" an entitlement to relief with facts, as a mere allegation that a plaintiff is entitled to relief is insufficient to withstand a motion to dismiss. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949.

This matter is also presented as a Motion for More Definite Statement under FED. R. CIV. P. 12(e). In the Third Circuit, such a motion "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967). Where a more definite statement is required, a plaintiff should be given the opportunity to amend. *Id.* Rule 12(e) motions, however, "are highly disfavored since the overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *Slater v. Susquehanna*

*County*, No. 07-2304, 2008 WL 2779302, at *8 (M.D. Pa. Jul. 14, 2008)(quoting *Hughes v. Smith*, No. 03-5035, 2005 WL 435226, at *4 (E.D. Pa. Feb. 24, 2005)).

## DISCUSSION

Defendant asserts six deficiencies with Plaintiff's Complaint: (1) the language "but not limited to" in paragraph fourteen is overly broad under the ADA[1]; (2) the language "inaccessible routes throughout the gym" in paragraph fourteen is impermissibly vague[2]; (3) the use of the word "amenities" in paragraph fourteen is impermissibly vague[3]; (4) the allegation that "Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures" is unsupported by any facts in the Complaint[4]; (5) the further allegation that Defendant discriminates against Plaintiff by "failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded," contained in paragraph fifteen, is improper because the "no

---

[1] "Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct the following barriers to access which were observed and/or encountered by and have hindered the Plaintiff's access. . . ." Compl. at ¶ 14 (emphasis added).

[2] "Plaintiff experienced inaccessible routes throughout the gym due to doors which were too heavy, especially near the pool and sauna." Compl. at ¶ 14(C) (emphasis added).

[3] "Plaintiff experienced inaccessible restrooms due to a lack of clear floor space, improper grab bars, and amenities outside her reach range." Compl. at ¶ 14(D) (emphasis added).

[4] "Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." Compl. at ¶ 15 (emphasis added).

4

individual" language raises a standing issue[5]; and (6) that the phrase "other violations of the ADA still exist," contained in paragraph sixteen, is impermissibly vague[6].

To begin, although the "not limited to" language contained in paragraph fourteen of the Complaint is, alone, impermissibly vague, Plaintiff nevertheless asserts facts which support a colorable cause of action under the standards set forth in *Iqbal* and *Twombly*. Plaintiff's Complaint lists various alleged impediments that purportedly violate the ADA. In order to comply with Fed. R. Civ. P. 8(a), "[a] pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff meets this minimum pleading threshold in the assertion of her ADA claim when she identifies various types of alleged infractions by Defendant, e.g., inadequate parking, prohibitively heavy doors, and stairs without ramps. *See* Compl. at ¶ 14. Although Plaintiff's inclusion of the language "not limited to" alone is an inadequate ground upon which to state a cause of action, the use of such language does not diminish the strength of Plaintiff's claims under the pleading standards when she simultaneously asserts facts adequate to support a claim. For instance, Plaintiff states a colorable cause of action under Rule 8 when she claims that she is unable to access a particular room because it requires the use of three steps. Plaintiff pleaded facts sufficient to establish a

---

[5] Defendant failed "to take such efforts that may be necessary to ensure that <u>no individual with a disability is excluded</u>, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." Compl. at ¶ 15.

[6] "To date, the readily achievable barriers and <u>other violations of the ADA still exist</u> and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA." Compl. at ¶ 16 (emphasis added).

5

colorable ADA claim; the phrase "not limited to" does not detract from the plausibility of Plaintiff's claim, nor does it add any substance. Accordingly, Defendant's Motion to Dismiss and/or for More Definite Statement will be denied on this issue.

Defendant further argues in its Motion to Dismiss that the language "inaccessible routes throughout the gym," contained in paragraph fourteen of the Complaint lacks sufficient specificity, and that Plaintiff should be required to amend her Complaint to allege with greater detail the location of the "allegedly inaccessible routes." Paragraph fourteen of Plaintiff's Complaint does, however, allege facts that state a cause of action, in that Plaintiff specifies that the doors are too heavy throughout the facility, "especially near the pool and sauna." This is sufficient under the pleading standards to withstand a Motion to Dismiss, as it provides adequate facts to provide notice of the specific allegations as required by Rule 8, and the specific routes applicable to Plaintiff's case can be identified in discovery. Therefore, Defendant's Motion to Dismiss and/or for More Definite Statement will be denied on this issue as well.

The Complaint's use of "amenities" in paragraph fourteen, subsection D, is similarly acceptable. Specifically, the Complaint alleges: "Plaintiff experienced inaccessible restrooms due to a lack of clear floor space, improper grab bars, and <u>amenities</u> outside her reach range." See Compl. at ¶ 14(D)(emphasis added). Plaintiff pleads enough information to put Defendant on notice of the claims against it, and the specific nature of the "amenities" pleaded can be determined over the course of discovery. Accordingly, Defendant's Motion

to Dismiss and/or for More Definite Statement as to the Complaint's use of the word "amenities" will be denied.

Plaintiff's Complaint further asserts that "Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures." See Compl. at ¶ 15. Defendant argues that the Complaint does not refer to a single policy, practice, or procedure from which discriminatory action might arise. Rather, Defendant maintains, the averments contain facts that may support a claim that architectural barriers prevent Plaintiff from enjoying full access to Defendant's facility, not that any policy, practice, or custom is to blame. In her brief opposing dismissal, Plaintiff maintains that she was trapped in an elevator on two separate occasions because the door must be operated manually and requires excessive force to open. Plaintiff further argues that discovery will "show that Plaintiff complained to gym employees many times about the elevator policy." See Pl.'s Br. in Opp. to Mot. to Dismiss at 7, ECF Dkt. 10.

As a matter of law, the facts alleged by Plaintiff are sufficient to state a claim that Defendant may have policies, practices, or procedures that violated Plaintiff's rights under the ADA. The claim is sufficiently supported with factual averments and Plaintiff can move forward to seek relief on this claim. Plaintiff submits that Defendant had a policy, practice, or procedure concerning the operation of an elevator, and that this policy, practice, or procedure is discriminatory. This is sufficient to state a claim, and Defendant's Motion to Dismiss will be denied.

Defendant also objects to the Complaint's allegation that Defendant discriminates against Plaintiff by "failing to take such efforts that may be necessary to ensure that <u>no individual</u> with a disability is excluded." See Compl. at ¶ 15. This raises the question of whether Plaintiff has standing to bring suit on behalf of other, unnamed individuals.

> "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Article III, § 2 of the United States Constitution limits federal jurisdiction to "Cases" or "Controversies". *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The doctrines that have developed to elaborate the case or controversy requirement are "founded in concern about the proper-and properly limited-role of the courts in a democratic society." *Warth*, 422 U.S. at 498, 95 S.Ct. at 2205. This case or controversy limitation places the burden on the plaintiffs to allege that they have "such a personal stake in the outcome of the controversy as to warrant invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [the plaintiffs'] behalf." *Paige v. Philadelphia Housing Authority*, No. 99-497, 2002 WL 500677, at *4 (E.D.Pa. March 28, 2002) (citing *Warth*, 422 U.S. at 498-99, 95 S.Ct. at 2205).
>
> The doctrine of standing is made up of constitutional and prudential considerations. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). "The prudential component of standing embraces, [j]udicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1077 (D.Haw.2000) (citing *Allen*, 468 U.S. at 751, 104 S.Ct. at 3324).
>
> "The core component of standing, however, is 'derived directly from the Constitution.' " *Id*. At an "irreducible constitutional level minimum," *Paige*, 2002 WL 500677, at *4, Plaintiffs must be able to demonstrate that they have

8

> (1) "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Paige*, 2002 WL 500677, at *4-5 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-181, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000)). *See Heir v. Delaware River Port Authority*, 218 F.Supp.2d 627, 639 fn. 9 (D.N.J.2002) (Irenas, J.) ("[F]ederal standing requires an allegation of a present or immediate injury in fact, where the party requesting standing has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens that presentation of issues.' There must be some causal connection between the asserted injury and the challenged action, and the injury must be of the type 'likely to be redressed by a favorable decision.' ") (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804, 105 S.Ct. 2965, 2970, 86 L.Ed.2d 628 (1985)); *see also, The Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir.2000); *Doe v. National Bd. of Medical Examiners*, 199 F.3d 146, 152-153 (3d Cir.1999). The party invoking federal jurisdiction has the burden of satisfying these elements. *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2130. If they fail to make the necessary allegations, they have no standing. *Warth*, 422 U.S. at 517-518, 95 S.Ct. at 2214-2215. "The rules of standing, whether as aspects of the Art. III case or controversy requirement or as reflections of prudential considerations defining and limiting the role of courts, are threshold determinations of the propriety of judicial intervention." *Id.* at 518, 95 S.Ct. 2197.

*Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 340-41 (D.N.J. 2003)

In the present matter, Plaintiff lacks standing to assert claims on behalf of unknown plaintiffs. Plaintiff cannot point to any injury in fact that would provide standing to assert a claim on another's behalf, nor does she demonstrate a personal stake in any third-party's rights. Accordingly, Defendant's Motion to Dismiss, with regard to the allegation that Defendant discriminates against Plaintiff by "failing to take such efforts that may be

9

necessary to ensure that no individual with a disability is excluded," as pleaded in paragraph fifteen of the Complaint, will be granted, without prejudice, and with leave to amend.

Finally, Defendant insists that paragraph sixteen of Plaintiff's Complaint improperly avers that "other violations of the ADA still exist." (*See* Compl. at ¶ 16.) In order to sustain a cause of action, Plaintiff is required to provide factual assertions to support her claims. The Complaint's use of the phrase "other violations of the ADA" would be insufficiently clear to provide any foundation for a cognizable claim if it were not, as here, accompanied by other facts in support of the claim. The phrase "other violations of the ADA still exist" does not add or detract from Plaintiff's claim, nor should it subject the claim to dismissal or require Plaintiff to provide a more definite statement. Consequently, Defendant's Motion to Dismiss and/or for More Definite Statement, with regard to the language "other violations of the ADA still exist" contained in paragraph 16 of the Complaint, will be denied.

## CONCLUSION

For the reasons set forth in this memorandum opinion, Defendant's Motion for More Definite Statement and Motion to Partially Dismiss will be granted in part and denied in part, and Plaintiff will be permitted to file an Amended Complaint. An order will follow.

DATE: December 14, 2012

Robert D. Mariani
United States District Judge